### TIMOTHY N. UPHAM *vs.* JONAS BRIMHALL.

A. gave a note to B., payable on demand, and B., at the expiration of a year, com puted the interest thereon at nine per cent., and took from A. a new note for the principal sum and for the interest so computed: Nineteen months afterwards, B. computed the interest on the second note, at ten per cent. per annum, and added compound interest, and A. gave him a new note for a sum which included the principal of the second note, and the interest thereon, so computed, and also another sum which was justly due from him to B. *Held*, in a suit on this last note, that by the Rev. Sts. *c.* 35, § 2, the plaintiff, on proof of the usurious con-tract, was entitled to recover the amount of the note, with interest thereon, deducting therefrom threefold the amount of the interest, compound as well as simple, computed on the first two notes, and of the interest which had accrued on the note in suit.

ASSUMPSIT on a promissory note, dated January 1st 1843, by which the defendant promised the plaintiff to pay him, or order, $240·89 on demand, with interest. The defendant filed a specification of defence, alleging that usurious interest was reserved in the note.

On the trial in the court of common pleas, before *Merrick*, J. the defendant's counsel stated that, on the 1st of June 1840. the defendant was justly indebted to the plaintiff, in the sum of $116·57, and thereupon gave the plaintiff a promissory

note for that amount, payable on demand, with interest; that on the 1st of June 1841, interest on that note was computed by the plaintiff, at the rate of nine per cent. per annum, and that the defendant thereupon gave to the plaintiff a new note for $127·06, which sum was the amount of the former note, and interest computed thereon, as aforesaid, and also some compound interest; that on the 1st of January 1843, interest was computed on the latter note, by the plaintiff, at the rate of ten per cent. per annum; that the aggregate of the principal, and the interest so computed, made part of the consideration of the note in suit; and that the residue of the consideration of said note consisted of the balance of an account, and of the amount of a small note held by the plaintiff against the defendant. And evidence was introduced, tending to prove the truth of the foregoing statement.

The judge instructed the jury that (the usurious contract being first proved) if they should find the foregoing statement to be proved, the plaintiff was entitled to recover the amount of the note in suit, with interest from its date, deducting threefold the amount of the interest computed on the first two notes, and of the interest which had accrued on the note in suit. The jury returned a verdict for the plaintiff, making a deduction conformable to the judge's instruction. The plaintiff thereupon alleged exceptions.

*C. Allen*, for the plaintiff.

*B. F. Thomas*, for the defendant.

This case was decided at October term 1847.

WILDE, J. We think there is no ground on which the exception to the instructions to the jury can be sustained. The exception is, that three times the interest on the usurious note, and the interest of the new note only, should have been deducted. But the statute is express, that "threefold the amount of the whole interest reserved or taken" shall be deducted. Rev. Sts. *c.* 35, § 2. Threefold of the whole interest reserved or taken, the lawful as well as the usurious, is to be deducted from the sum due on the contract; and so

it was decided in *Brigham* v. *Marean,* 7 Pick. 40, and in *Parker* v. *Biglow,* 14 Pick. 436.

The case of *Sumner* v. *Williams,* 1 Met. 398, is distinguished from these cases by the circumstance that the interest reserved was expressed on the face of the note sued. Nine per cent. for one year only was reserved, in that case. But in the present case, the whole interest, reserved on the former usurious notes, was embodied in the note sued, and so was reserved, within the meaning of the statute, as was considered by the court in *Parker* v. *Biglow,* before cited.

It was objected by the plaintiff's counsel, that it appears, that on the note of January 1st 1843, compound as well as usurious interest was reserved, and that compound interest ought not to be included in the deduction; but surely, if simple interest is to be included, there can be no reason for excluding compound interest.

*Exceptions overruled*